**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4727**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

JAMARCUS ANTONIO HUNTLEY,

                Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Martin K. Reidinger,
District Judge.  (3:07-cr-00243-MR-1)

Submitted:  April 29, 2009            Decided:  May 18, 2009

Before WILKINSON, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire  J.  Rauscher,  Executive  Director,  Cecilia  Oseguera,
FEDERAL  DEFENDERS  OF  WESTERN  NORTH  CAROLINA,  INC.,  Charlotte,
North  Carolina,  for  Appellant.   Amy  Elizabeth  Ray,  Assistant
United  States  Attorney,  Asheville,  North  Carolina,  for  Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamarcus Antonio Huntley pled guilty without a plea agreement to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). Because Huntley was found to be an armed career criminal under 18 U.S.C. § 924(e) (2006), he was sentenced to the statutory mandatory minimum of 180 months in prison. Huntley timely appealed.

Counsel for Huntley filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal but questioning whether the district court properly found that Huntley qualified as an armed career criminal. Finding no reversible error, we affirm.

Huntley argues that the district court erred by finding that he was an armed career criminal under 18 U.S.C. § 924(e) and U.S. Sentencing Guidelines Manual § 4B1.4 (2007) because his qualifying convictions were consolidated for sentencing and arose from the same criminal episode. A defendant is an armed career criminal when he violates § 922(g)(1) and has three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). Huntley's predicate convictions were charged separately, occurred on different dates in different locations, and involved different victims. See United States v. Leeson, 453 F.3d 631, 640 (4th Cir. 2006); United States v. Thompson, 421 F.3d 278, 284-86 (4th

2

Cir. 2005) (explaining ACCA's requirement that prior convictions be "committed on occasions different from one another"). The fact that the offenses were consolidated for sentencing does not merge the offenses under the ACCA as "[n]othing in § 924(e) or the Guidelines suggests that offenses must be tried or sentenced separately in order to be counted as separate predicate offenses." United States v. Samuels, 970 F.2d 1312, 1315 (4th Cir. 1992). We thus conclude that Huntley possesses the requisite number of predicate convictions required for an enhancement and his classification as an armed career criminal was accordingly proper.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. We deny counsel's motion to withdraw. This court requires that counsel inform Huntley, in writing, of the right to petition the Supreme Court of the United States for further review. If Huntley requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Huntley.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

AFFIRMED